**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-107-01 |
| | * | |
| WILLIAM MARK MCGHEE | * | |

**O R D E R**

Presently before the Court is Defendant William Mark McGhee's motion to reduce his sentence of 375 months, which was imposed on June 24, 2016.  A similar motion was previously denied because Defendant had failed to establish a basis to invoke the Court's authority to reduce his sentence.  (Order of July 31, 2023, Doc. 316.)

This time around, Defendant seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  He states that he has now served over ten years of his sentence.  He also contends that his sentence was unusually long, stating there is a gross disparity between his sentence and what sentence he would receive if he were sentenced today.  Finally, he claims that he should get a retroactive modification of sentence as a first-time offender.

A sentencing court may not modify a sentence once it has been imposed outside of the three exceptions set forth in 18 U.S.C. §

3582(c). Under the first exception, a court may entertain a motion for compassionate release under certain extraordinary and compelling circumstances. 18 U.S.C. § 3582(c)(1)(A). Compassionate release motions are governed by the Policy Statement of the United States Sentencing Commission, U.S.S.G. § 1B1.13. The "Unusually Long Sentence" provision of the Policy Statement provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, **a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)** may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6) (emphasis added).

Defendant's motion to reduce sentence suffers two deficiencies that require denial of his motion. First, in order to invoke the "Unusually Long Sentence" provision, Defendant must demonstrate a change in the law that would materially affect his sentence if he were sentenced today.[1] He has not done so. Second, Defendant has not argued let alone shown that he has exhausted his administrative remedies prior to filing. See 18 U.S.C. § 3582(c)(1)(A) (allowing a motion for compassionate release "after

---

[1] Defendant does mention a two-point reduction for first-time offenders, but this is a reference to Amendment 821 to the United States Sentencing Guidelines, which cannot constitute a "change in law" contemplated by U.S.S.G. § 1B1.13(b)(6). The Court will address Defendant's reduction motion based upon Amendment 821 below.

[a defendant] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). For these reasons, Defendant is not entitled to compassionate release.

The third exception allowing a court to reduce an imposed sentence is if the defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Defendant raises Amendment 821 to the United States Sentencing Guidelines, which has been applied retroactively. Amendment 821 provides no relief to this Defendant, however. Amendment 821 (Part B) provides a retroactive decrease in offense level for certain "zero point" offenders, i.e., offenders who did not have any criminal history points in the application of the Sentencing Guidelines. Here, it is true that Defendant is a "zero-point offender"; however, the decrease in offense level is not available to offenders who possessed a fireman in connection with the offense of conviction. See U.S.S.G. § 4C1.1(a)(7). At sentencing, Defendant's base offense level was increased two points because he possessed a firearm in connection with his conspiracy offense. (See Presentence Investigation Report ¶ 27.)

3

Thus, Defendant is not eligible for relief under U.S.S.G. § 4C1.1(a)(7).

In conclusion, Defendant has failed to establish a legal basis to reduce his sentence. Thus, Defendant McGhee's motion for sentence reduction (doc. 331) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of March, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA